Citation Nr: 1448533 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 10-34 311 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUE

Entitlement to special monthly pension (SMP) based on the need for aid and attendance or housebound status.


WITNESS AT HEARING ON APPEAL

The appellant


ATTORNEY FOR THE BOARD

Jason A. Lyons, Counsel



INTRODUCTION

The Veteran served on active duty from February 1945 to August 1946, and from
January 1948 to March 1963. The appellant is the surviving spouse of the Veteran. This matter comes before the Board of Veterans' Appeals (Board) on an appeal from a March 2010 rating decision issued by the Regional Office (RO) in St. Paul,
Minnesota, with jurisdiction later transferred to the RO located in Reno, Nevada. 

The appellant testified in May 2013 during a Travel Board hearing at the RO before the undersigned Veterans Law Judge. The Board then remanded this case for further development in December 2013.

This case was reviewed and processed through the Veterans Benefits Management System (VBMS) electronic records depository. The Virtual VA records database contains a Board hearing transcript, but otherwise the remainder of the document in that repository are either irrelevant to this appeal or duplicative of the VBMS file. 

The appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Unfortunately, further development is required, as the August 2014 VA examination conducted pursuant to the Board's prior remand directive is inadequate to evaluate this claim. First, the examiner did not review the claims file so did not have the benefit of the appellant's full medical history. Second, the opinion addressed only the appellant's migraine headaches, despite the appellant's multiple disorders. She has asserted she requires aid and attendance due to her various disorders, including, but not limited to, migraines, a back disorder, an intestinal disorder, asthma, sleep apnea, an ear disorder, a knee disorder, and a sinus disorder. Re-examination and a new opinion are warranted.

Accordingly, the case is REMANDED for the following action:

1. Contact the appellant and request that she complete a VA Form 21-4142, Authorization and Consent to Release of Medical Information, including renewed medical authorization regarding records from the Southwest Eye Association, Dr. Yu, and UMC Hospital. Notify the appellant as well that her prior records authorization form was not sufficient by itself to support a records inquiry, given that it listed only treatment provider names, not an accompanying facility address and date of medical records. Then obtain corresponding medical records based on her response. Provided that the search for any identified records is unsuccessful, then notify the appellant this in accordance with the provisions of 38 U.S.C.A. § 5103A(b) and 38 C.F.R. § 3.159(e).

After any additional records are associated with the claims file, schedule the appellant for another VA examination to determining whether the appellant is functionally in need of aid and attendance. The claims folder must be provided to and reviewed by the examiner in conjunction with the requested examination. All indicated tests and studies should be performed, and all findings should be set forth in detail. The examiner must provide a complete and thorough explanation for all conclusions reached, to include citation to medical evidence of record.

The examiner must provide an opinion regarding whether the appellant's disorders considered together incapacitate her to such an extent that she cannot care for himself without the regular aid and assistance of another person, or that any such disability has rendered her bedridden. The examiner is requested to consider each existing disorder and its impact on the appellant's ability to perform acts of daily living, including keeping herself clean and presentable, feeding, dressing and undressing herself, and attending to the needs of nature. 

2. Notify the appellant that it is her responsibility to report for any scheduled examination and to cooperate in the development of the claim, and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014). In the event that the appellant does not report for any scheduled examination, documentation must be obtained which shows that notice scheduling the examination was sent to her last known home address of record. It must also be indicated whether any notice that was sent was returned as undeliverable.

3. Review the claims file. If any of the directives specified in this remand have not been implemented, appropriate corrective action should be undertaken before readjudication. Stegall v. West, 11 Vet. App. 268 (1998).

4. Thereafter, readjudicate the claim on appeal in light of all additional evidence received. If the benefit sought on appeal is not granted, the appellant should be furnished with a Supplemental Statement of the Case (SSOC) and afforded an opportunity to respond before the file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).